1
2
3
4

Frank N. Lee, SBN 122230
LAW OFFICE OF FRANK N. LEE
3435 Wilshire Blvd., Suite 450
Los Angeles, CA  90010
franknlee@gmail.com
(213) 487-9777 (tel)
(213) 487-9776 (fax)

5
6

Attorney for Plaintiff
Orange Circle Studio Corporation

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11
12

Orange Circle Studio Corporation,
a California Corporation

13

Plaintiff,

14

vs.

15
16

FRINGE STUDIO, LLC., a California
limited liability company; and DOES 1-
10 inclusive,

17

Defendants.

18
19
20
21
22
23
24
25
26
27
28

Case No.:

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF:
(1)  TRADE DRESS
      INFRINGEMENT;
(2)  FEDERAL UNFAIR
      COMPETITION (15 U.S.C.
      §1125(a);
(3)  COMMON LAW UNFAIR
      COMPETITION;

{JURY TRIAL DEMANDED}

1

Plaintiff, Orange Circle Studio Corporation alleges as follows:

## JURISDICTION AND VENUE

1.     This court has subject matter jurisdiction under the principles of diversity jurisdiction stated in 28 U.S.C. §1332, in that plaintiff Orange Circle Studio Corporation ("OCSC") is, and at all times relevant hereto has been, a California corporation with its principal place of business in the Central District of California; Orange circle is informed and believes and on that ground alleges that defendant Fringe Studios, LLC ("Fringe") is, and at all times relevant hereto has been, a California limited liability company with its principal place of business in Los Angeles, California; and the amount in controversy is greater than $75,000.00.

2.     This court has personal jurisdiction over Fringe in that Fringe regularly, routinely, and systematically does business in the State of California and in the Central District of California, and the claims for relief asserted herein arose out of acts of infringement, unfair competition and other wrongful acts performed, in substantial part, in California and in the Central District of California.

3.     Venue is proper in this court under 28 U.S.C §1391, in that the claims for relief alleged herein arose out of acts of infringement, unfair competition and other wrongful acts performed, in substantial part, by Fringe in California and in the Central District of California.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement)

4.     OCSC is an industry leader in the creation, design, manufacture, and sale of unique, innovative calendars, planners, notebooks, greeting cards, notecards of various styles and configurations, among other paper products and other gift items.

5.     In or about 2013 Orange Circle created, designed, and commenced the promotion and sale in interstate commerce of a line of cards under the name and mark Note Card Sets with Stickers.  The Note Card Sets with Stickers line incorporates a number of distinctive, arbitrary design elements including, among other things, the following:

a.  Each Note Card Set with Stickers features a distinctive size and width format of the card;

b.  Each Note Card Set with Stickers displays the stickers and the cards in a 5.75 in x 5.75 box;

c.  Each Note Card Set with Stickers has a cardboard sticker display box 5.5 in x 1.75in with a semi-circular tab;

d.  Each Note Card Set with Stickers includes exactly 12 stickers;

e.  Each Note Card Set with Stickers includes exactly 12 note cards.

6.     OCSC's selection and design of the collective design elements incorporated in the Note Card Set with Stickers is original to OCSC and constitutes proprietary trade dress that serves to identify and distinguish the OCSC from competing card products.   As a result of OCSC's extensive promotion, marketing, advertising, and sale of the note cards over a period of several years, both the trade and the public at large have come to recognize and understand the OCSC trade dress as a source identified that identifies and distinguishes that line of products from products manufactured and distributed by other companies.

7.     Fringe is a company that is engaged in the business of designing, manufacturing and selling gifts and paper products in direct competition with OCSC.

8.     Commencing in or about 2015, the exact date being unknown to OCSC but well known to Fringe, Fringe embarked upon a scheme and plan to misappropriate the good will and commercial advantage embodied in OCSC Note Card Set with Stickers product line by creating, marketing, and selling a directly competing product line.  The Infringing Fringe Note Card Set incorporates and exactly duplicates each and every element of the OCSC Note Card Set with Stickers as set forth in paragraph 5(a) through (e) above.

9.     Fringe's conduct as alleged herein has confused, and is likely to confuse, the public, in that the trade and consumers in general are likely to be confused by Fringe's unauthorized duplication and display of the distinctive trade dress elements of the OCSC Note Card Set with Stickers into the mistaken belief that the Infringing

Fringe Note Card Set emanates from or is otherwise authorized by or associated with Orange Circle Studio Corporation and the genuine OCSC Note Card Set with Stickers. Fringe's conduct therefore constitutes unlawful trade dress infringement.

10.     OCSC has no adequate remedy at law, in that it would be difficult to ascertain precisely and comprehensively all of the damages suffered by OCSC as a consequence of Fringe's wrongful acts, and unless injunctive relief is granted as prayed for herein, OCSC will be required to pursue a multiplicity of actions.

11.     OCSC has suffered actual damages as a consequence of the wrongful acts of Fringe as alleged herein, the exact amount of which is not presently known but which is believed to exceed $75,000.00.

12.     Fringe has realized unjust gains, profits, and advantages as a consequence of its wrongful acts as alleged herein, and Orange Circle is entitled to an accounting of such gains, profits, and advantages and to an order that the same be disgorged by Fringe to OCSC.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition)

13.     OCSC re-alleges, and incorporates here by this reference, the allegations of paragraphs 1 through 12 hereof, inclusive.

14.     This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

15.     Fringe's wrongful acts as alleged above constitute a false designation or false representation in regard to the Fringe's Infringing Note Card Set, in that Fringe's unauthorized duplication and display of the distinctive trade dress elements of the OCSC Note Card Set with Stickers will mislead the trade and consumers into the mistaken belief that the Infringing Fringe Note Card Set emanates from or is otherwise authorized by or associated with OCSC and the genuine OCSC Note Card Set with Stickers.

16.     OCSC has no adequate remedy at law, in that it would be difficult to ascertain precisely and comprehensively all of the damages suffered by OCSC as a

consequence of Fringe's wrongful acts, and unless injunctive relief is granted as prayed for herein, Orange Circle will be required to pursue a multiplicity of actions.

17.    OCSC has suffered actual damages as a consequence of the wrongful acts of Fringe as alleged herein, the exact amount of which is not presently known but which is believed to exceed $75,000.00.

18.    Fringe has realized unjust gains, profits, and advantages as a consequence of its wrongful acts as alleged herein, and OCSC is entitled to an accounting of such gains, profits, and advantages and to an order that the same be disgorged by Fringe to OCSC.

19.    OCSC is informed and believes and on that ground alleges that Fringe's wrongful acts as alleged herein have been willful, deliberate, and intentional, and therefore the damages awarded to Orange Circle should be trebled.

### THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

20.    OCSC realleges, and incorporates here by this reference, the allegations of paragraphs 1 though 12, 13 through 19 and inclusive.

21.    The acts and conduct of Fringe alleged above constitute unfair competition under the common law of the State of California.

22.    OCSC has no adequate remedy at law, in that it would be difficult to ascertain precisely and comprehensively all of the damages suffered by Orange Circle as a consequence of Fringe's wrongful acts, and unless injunctive relief is granted as prayed for herein, Orange Circle will be required to pursue a multiplicity of actions.

23.    OCSC has suffered actual damages as a consequence of the wrongful acts of Fringe as alleged herein, the exact amount of which is not presently known but which is believed to exceed $75,000.00.

24.    Fringe has realized unjust gains, profits, and advantages as a consequence of its wrongful acts as alleged herein, and OCSC is entitled to an accounting of such gains, profits, and advantages and to an order that the same be disgorged by Fringe to OCSC.

## **PRAYER FOR RELIEF**

WHEREFORE, OCSC prays for judgment against Fringe as follows:

1.      On all claims for relief, for an order temporarily, preliminarily and permanently enjoining and restraining Fringe, its officers, agents, servants, employees, and all others in active concert or participation with it, from:

      a. Manufacturing, selling, distributing, trading, exchanging, advertising, or in any other manner disposing of or commercially exploiting, or causing, instructing, authorizing or directing any third party to manufacture, sell, distribute, trade, exchange, advertise or in any other manner disposing of or commercially exploiting the Infringing Fringe Note Card Set, or any other product that incorporates design and/or packaging elements that so closely resemble the proprietary trade dress of the OCSC Note Card Set with Stickers as to create a likelihood of consumer confusion between the Fringe product and the OCSC product;

      b. Representing or stating to any third party that Fringe has the lawful right to do any of the things or to distribute any of the products prohibited by paragraph 1.a. above;

      c. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraph 1.a. above;

      d. Secreting, destroying, altering, removing or otherwise rendering unavailable for levy or discovery any inventory of the infringing Fringe Note Card Set, or any books or records, including but not limited to electronic records or data, that contain any information relating to the manufacture, importation, production, distribution, marketing, advertising, display, offering for sale and/or sale of the Infringing Fringe Note Card Set;

      e. Directing such other relief as the Court may deem appropriate, including, without limitation, appropriate corrective advertising, to prevent and to

correct any confusion among the trade and the public that the Infringing Fringe Note Card Set emanates from or is authorized or approved by OCSC;

    f.  Directing that the Court retain jurisdiction of this action for the purpose of enabling OCSC to apply to the Court for further orders and direction as may be necessary or appropriate for the interpretation or enforcement of any order entered in this action, for the modification thereof, or for the punishment of any violations thereof.

2.  On all Claims for Relief, for actual damages according to proof, plus pre-judgment interest thereon at the maximum rate allowed by law.

3.  On all Claims of Relief, for an accounting of Fringe's unjust gains, profits, advantages, and for an order that Fringe disgorge all such gains profits and advantages to Orange Circle, plus pre-judgment thereon at the maximum rate allowed by law.

4.  On the Second Claim for Relief, that all damages and profits awarded to OCSC be trebled.

5.  On all Claims for Relief, that Orange Circle recover its costs of suit, including reasonable attorney's fees.

6.  On all Claims for Relief, for such other, further or different relief as the Court may deem just and proper.

Dated: December 31, 2015        By: /s/ Frank N. Lee_____

                                     Frank N. Lee, Attorney for Plaintiff

                                     Orange Circle Studio Corporation

**DEMAND FOR JURY TRIAL**

Plaintiff Orange Circle Studio Corporation hereby demands trial by jury for this action.

Dated: December 31, 2015                    By: /s/ Frank N. Lee_____

Frank N. Lee, Attorney for Plaintiff
Orange Circle Studio Corporation

# EXHIBIT A







"OCSC Trade Dress Rights"
Orange Circle Studio Corporation
Note Card Sets with Stickers





"Accused Product"
Fringe Studio LLC
Note Card Set with Stickers





Orange Circle Studio
Corporation



Fringe Studio LLC